UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMIRO LINARES MARTINEZ,

                Petitioner,

- against -

WILLIAM P. JOYCE, *et al.*,

                Respondents.

No. 25 Civ. 1788 (VSB) (OTW)

**STIPULATION AND ORDER**

    WHEREAS, petitioner Ramiro Linares Martinez ("Mr. Linares Martinez"), a noncitizen in removal proceedings, brought the instant habeas action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court requiring that he be released or given a bond hearing with certain criteria;

    WHEREAS, Mr. Linares Martinez previously filed a habeas petition in this Court challenging his prior detention by ICE on the grounds that due process requires that he be given a bond hearing at which ICE bears the burden of proving danger or flight risk;

    WHEREAS, on October 17, 2018, the Honorable Jesse M. Furman granted Mr. Linares Martinez's previous habeas petition, holding that, at a bond hearing held under 8 U.S.C. § 1226(a), due process requires ICE to bear the burden of proving by clear and convincing evidence that the noncitizen poses a risk of flight or a danger to the community, *see Linares Martinez v. Decker*, No. 18 Civ. 6527 (JMF), 2018 WL 5023946 (S.D.N.Y. Oct. 17, 2018);

    WHEREAS, in his decision granting the habeas petition, Judge Furman directed the government to provide Mr. Linares Martinez with an individualized bond hearing before an immigration judge, at which ICE shall bear the burden to demonstrate, by clear-and-convincing evidence, that he is a danger to the community or a flight risk;

WHEREAS, on October 23, 2018, Mr. Linares Martinez received a bond hearing pursuant to Judge Furman's order, at which the immigration judge granted Mr. Linares Martinez release on bond after determining that ICE did not meet its burden to demonstrate, by clear-and-convincing evidence, that he is a danger to the community or a flight risk;

WHEREAS, in May 2023, while he was at liberty, Mr. Linares Martinez was convicted by a jury of two misdemeanor counts—for which he was initially charged in February 2018—and he was sentenced to one year in jail;

WHEREAS, Mr. Linares Martinez has appealed that conviction, but in the meantime, he completed his criminal sentence by serving eight months of his criminal sentence before being released for good conduct in February 2024;

WHEREAS, on May 14, 2024, ICE arrested and re-detained Mr. Linares Martinez;

WHEREAS, on September 26, 2024, the immigration judge held a bond redetermination hearing at which release on bond was denied; the immigration judge denied Mr. Linares Martinez's request that the burden be placed on ICE to prove danger or flight risk by clear and convincing evidence, and the immigration judge instead applied the ordinary burden by requiring Mr. Linares Martinez to prove by a preponderance of the evidence that he is neither a flight risk nor a danger to the community;

WHEREAS, Mr. Linares Martinez's removal proceedings remain pending as of today's date, and he remains detained by ICE under 8 U.S.C. § 1226(a);

WHEREAS, on March 3, 2025, Mr. Linares Martinez filed this habeas action seeking, among other things, an order from the Court requiring that he be given a bond hearing with certain criteria, arguing, *inter alia*, that his detention violates due process because he has not, since being re-detained, been provided a bond hearing at which ICE bears the burden of demonstrating by clear and convincing evidence that his continued detention is justified; and

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of this case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the Department of Justice's Executive Office for Immigration Review ("EOIR"), the office that administers the nation's immigration courts, has agreed to provide Mr. Linares Martinez with a new bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 14 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Mr. Linares Martinez with an individualized bond hearing before an immigration judge at which ICE shall bear the burden to demonstrate, by clear and convincing evidence, that Mr. Linares Martinez poses a danger to the community or a flight risk. At the hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Mr. Linares Martinez's ability to pay in determining the appropriate bond amount.

3. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as an admission of liability or wrongdoing by the government, or a concession of any rights or arguments by the government or by the petitioner; nor shall it be construed to require the government to provide similar bond hearings to

any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

| | |
|---|---|
| New York, New York<br>March 11 , 2025<br><br>THE BRONX DEFENDERS<br>*Attorney for Petitioner*<br><br>*Elyssa Williams*<br>Elyssa N. Williams<br>360 East 161st Street<br>Bronx, New York 10451<br>Tel.   (347) 842-1391 | New York, New York<br>March 11 , 2025<br><br>MATTHEW PODOLSKY<br>Acting United States Attorney for the<br>Southern District of New York<br>*Attorney for Respondents*<br><br>*B M. Waterman*<br>Brandon M. Waterman<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Tel.   (212) 637-2743 |

**SO ORDERED:** 03/12/2025

*Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE